IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT MAXFIELD,<br><br>                    Plaintiff,<br>v.<br><br>BRIGHAM YOUNG UNIVERSITY-IDAHO,<br><br>                    Defendant. | Case No. 4:12-cv-00443-BLW<br><br>**PROTECTIVE ORDER REGARDING ATTORNEY'S EYES ONLY INFORMATION** |

    This matter having come before the Court pursuant to the stipulation of the parties, and good cause being shown, and good cause being shown,

    NOW THEREFORE IT IS HEREBY ORDERED, that the Stipulation (docket no. 31) is APPROVED, and the following procedures shall be used in this action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery or filed with the Court:

    1.    **DEFINITIONS**

            **(a)**    "Employee Salary or Wage Information". Information which indicates the name of a specific employee of Defendant and such employee's salary or wages, including but not limited to annual salary or wages, salary or wages increases, salary or wage decreases, or salary or wage modifications.

1 -    PROTECTIVE ORDER

**(b)** "Attorney's Eyes Only". A document, court filing, response to interrogatory, or request for admission, or testimony of a witness showing or discussing Employee Salary or Wage Information may be designated by a party as "Attorney's Eyes Only," if good cause exists to designate the material as protected.

## 2. DESIGNATION OF INFORMATION PRODUCED

Any answers, responses or documents deemed Attorney's Eyes Only under Paragraph 1 by the Producing Party shall be marked or stamped by the Producing Party as: **ATTORNEY'S EYES ONLY**. Stamping or marking material as set forth in this paragraph shall constitute certification by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

## 3. SERVICE

The CM/ECF system will not electronically serve sealed material. Parties must serve sealed documents by mail or email, as required by rule.

## 4. DEPOSITIONS

If Employee Salary or Wage Information is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed, shall be filed under seal.

(b) During any deposition, counsel for the Producing Party may request that any portions of the deposition or deposition exhibits also be treated as Attorney's Eyes Only. The room in which the deposition is being taken shall, at the request of the Producing Party, be closed in accordance with the restriction of Paragraphs 4 and 5. The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to the Producing Party to advise or instruct the witness not to answer.

(c) Upon receipt, all deposition transcripts and the exhibits thereto shall be treated initially as Attorney's Eyes Only, until fifteen (15) days after receipt of the transcript, unless the parties expressly agree otherwise. Within fifteen (15) days after receipt of the transcript, any party may designate portions of the deposition transcript as Attorney's Eyes Only. The designation shall be accomplished by a letter to all other parties and the court reported listing the pages, lines, and exhibits constituting confidential information and the category of confidentiality. If the Producing Party previously designated portions of testimony as Attorney's Eyes Only during the deposition, the Producing Party is not required to re-designate those portions of the transcript during the fifteen (15) day .period unless the Producing Party wants to change the designation.

(c) The pages of the transcript designated as containing Attorney's Eyes Only information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting Attorney's Eyes Only information shall be appropriately noted on the front of the original deposition transcript and identified with the appropriate category as set forth in Paragraph l

(d) Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate and marked as set forth in Paragraph 2(a). To facilitate the requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of the Protective Order is provided to the court reporter.

(e) Failure to designate testimony as Attorney's Eyes Only either at a deposition or within fifteen (15) days after receipt of the transcript shall be deemed a waiver of the right to designate such testimony as Attorney's Eyes Only, but shall not affect the status of any other information, whether or not closely related.

(f) Documents and any other materials containing Attorney's Eyes Only information my be shown to a witness to examine or cross-examine the witness during a deposition or trial in circumstances only where the disclosure of such information is relevant to the subject of

3 -    PROTECTIVE ORDER

examination, but the witness shall not be permitted to view such materials in advance of the deposition or trial or to retain any such documents or things or any copies thereof after the deposition or trial (except for the purpose of reviewing the transcript of his or her deposition in connection with its correction or execution), unless the witness is otherwise authorized under Paragraphs 4 or 5 hereof to receive such information. Notwithstanding the foregoing, if the Producing Party objects to the use of Attorney's Eyes Only information at a deposition or at trial, such information shall not be disclosed at the deposition or at trial and the Producing Party shall file a motion for a protective order with the Court objecting to such disclosure within seven (7) days. The Attorney's Eyes Only information at issue shall not be disclosed to such witness while the Producing Party's motion objecting to such disclosure is pending before the Court.

### 5. ATTORNEY'S EYES ONLY RESTRICTIONS

Information and documents designated as Attorney's Eyes Only shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a) The attorneys of record for the Receiving Party and the employees and associates of the Receiving Party's attorneys who are involved in this action.

(b) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters).

(c) Trial or deposition witnesses, subject to the provisions of Paragraph 3(f), above.

(d) Independent experts and consultants retained bu the Receiving Party's attorneys, or agents, officers, or employees of a party, for purposes of assisting in this litigation;

provided, however, that any such person prior to disclosure, such expert or consultant shall execute written consent of the Producing Party or pursuant to a further order of this Court.

(e) Plaintiff's attorneys of record and the employees and associates of attorneys who are involved in the conduct of this action shall not disclose Employee Salary or Wage Information designated as Attorney s Eyes Only to Plaintiff. However, Plaintiff's attorneys and the employees and associates of Plaintiff's attorneys shall be permitted to discuss with Plaintiff information regarding Defendant employees' salaries and wages, as well as the corresponding employees' age, without revealing the identities of such employees.

**6. SUBMISSION TO THE COURT**

(a) In the event a party wishes to use any Attorney's Eyes Only information material, or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the court in this Litigation, such pleading or document and Attorney's Eyes Only information material shall be filed under seal, consistent with the rules and practices of the court in which said materials are to be filed, until such time as the court orders otherwise or denies permission to file under seal. The sealed material, information, or papers shall plainly state on the first and subsequent pages of any bound or stapled document "FILED UNDER SEAL." The restrictions, if any, that will govern the use of Attorney's Eyes Only information material at trial or hearings will be determined at a later date by the court, in consultation with the parties.

(a) If, through inadvertence or otherwise, Attorney's Eyes Only information is filed with the Court without the appropriate notice, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent future disclosure.

## 7. OBJECTION TO DESIGNATION

Any party may contest the designation of any document or information as Attorney's Eyes Only. In the event of a dispute regarding the designation of a document, the Producing Party shall be responsible for taking the disputed matter to the Court within fifteen (15) days of the Receiving Party's written objection to the designation and obtaining an Order prohibiting disclosure. During the fifteen (15) day period following the Receiving Party's objection to the designation, and until the Court rules on any motion filed by the Producing Party seeking to prohibit disclosure, the document or information shall be treated according to the designation. If the Producing Party fails to file a motion with the Court seeking to prohibit disclosure within the fifteen (15) day period, the designation shall be waived and the document or information shall be treated as non-confidential. The Producing Party and Receiving Party shall confer in good faith to resolve any such disagreements. This Court shall determine any unresolved disputes using the same standards as if the Producing Party had applied for a protective order under the Federal Rules of Civil Procedure and related law.

## 8. DISCLOSURE

(a) *Inadvertent Disclosure*. If, through inadvertence, the Producing Party provides any material containing Attorney's Eyes Only information during the course of this litigation without designating the material as set forth in Paragraph 2 above, the Producing Party may subsequently inform the Receiving Party in writing of the confidential nature of the material and specify the designation that should be applied to the material. The Receiving Party shall thereafter treat the disclosed material in accordance with this Protective Order to the extent that the Receiving Party has not already disclosed the material.

(b) *Required Disclosure*. In the event that any person in receipt of Attorney's Eyes Only information originating with another party shall receive a written request,

6 -   PROTECTIVE ORDER

subpoena, or court order seeking disclosure of the Attorney's Eyes Only information, such person shall promptly provide a copy of the request, subpoena, or court order to counsel for the Producing Party.

(c) Unauthorized Disclosure. If material containing Attorney's Eyes Only information is disclosed to any person other than the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, with out prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

## 9. LIMITATION ON USE AND SURVIVAL

(a) Any Attorney's Eyes Only information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the receipts for any business, commercial, or competitive purpose whatever.

(b) All obligations and duties arising under this Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Order.

## 10. PRODUCING PARTY'S USE

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose; from disclosing its own Attorney's Eyes Only information to any person; or from consenting to the disclosure of its own Attorney's Eye Only information by the Receiving Party.

## 11. RETURN

Within ninety (90) days after the conclusion of this action, all tangible Attorney's Eyes Only information, and all copies of Attorney's Eyes Only information or any derived

summaries, memoranda, or other records containing Attorney's Eyes Only information shall, at the Receiving Party's option, be destroyed or returned to counsel for the Producing Party; except that counsel for each party may retain one archival copy of each such document for reference in the event of a dispute over the use or dissemination of information designated as Attorney's Eyes Only, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product.

**12. MODIFICATION**

The parties reserve the right to seek modification of the Order by the Court as necessary.



DATED: **November 14, 2013**

B. LYNN WINMILL
Chief Judge
United States District Court